**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| CEATS, INC., | ) |
|     Plaintiff, | )<br>)<br>) Civil Action No. 6:12-cv-82 |
| v. | )<br>) JURY TRIAL DEMANDED |
| ZILLOW, INC., | ) |
|     Defendant. | )<br>) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff CEATS, Inc. hereby brings this complaint for patent infringement against Defendant Zillow, Inc. and alleges as follows:

**PARTIES**

1. Plaintiff CEATS, Inc. ("CEATS") is a Nevada corporation with its principal place of business in Tyler, Texas.

2. On information and belief, Zillow, Inc. ("Zillow") is a Washington corporation with its principal place of business in Seattle, Washington.

**JURISDICTION AND VENUE**

3. This action is for patent infringement under the Patent Laws of the United States of America, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271(a), (b), (c), and/or (f). This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. The Court has personal jurisdiction over Zillow. Among other reasons, upon information and belief, Zillow has done business in this judicial district, has continuous and systematic contacts with this district, has committed and continue to commit acts of patent infringement in this judicial district, and has harmed and continue to harm CEATS in this

judicial district by, among other things, using the individual location selection and reservation system found at www.zillow.com in this judicial district.

5. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400 because, among other reasons, Zillow is subject to personal jurisdiction and have committed acts of patent infringement in this judicial district.

## GENERAL ALLEGATIONS

6. On March 23, 20120, U.S. Patent No. 7,865,009 B2 ("the '009 patent") was issued by the United States Patent and Trademark Office ("USPTO") for an "Individual Location Selection and Reservation System." A copy of the '009 patent is attached as Exhibit A.

7. CEATS is the owner by assignment of the '009 patent and has the right to bring an action for infringement of the '861 patent.

8. The '009 patent is valid and enforceable.

## INFRINGEMENT OF THE '009 PATENT

9. CEATS restates and re-alleges each of the allegations in each of the previous paragraphs 1-8 of this Complaint and incorporates them herein.

10. Zillow has infringed the '009 patent by operating, making, using, selling, and offering for sale in the United States a location selection and reservation system for real estate that has been used on Zillow's website, www.zillow.com.

11. For example, Zillow directly infringes the '009 patent by operating its server(s) and/or database(s) for www.zillow.com, or alternatively, indirectly infringes the CEATS Patents by contributing to and/or actively inducing others to operate the system at www.zillow.com, including Zillow's users, who are included among the direct infringers.

12. Zillow's infringement of the '009 patent is willful. Zillow, including officers at the highest levels of Zillow, such as Zillow's Chief Technology Officer, have been aware of the '009 patent, or, at a minimum, have been aware of other patents held by CEATS to which the '009 patent claims priority such that Zillow should have known of the '009 patent since at least August 2011. Zillow is responsible for willful infringement based on its pre-complaint conduct and, if it does not cease infringement immediately upon learning of this Complaint, is responsible for willful infringement based on its post-complaint conduct.

13. This infringement of the '009 patent has injured and continues to injure CEATS, and will cause irreparable harm unless such infringement is enjoined.

## JURY DEMAND

14. CEATS demands a trial by jury for all claims so triable.

## REQUESTED RELIEF

WHEREFORE, CEATS prays for judgment and relief as follows:

A. Judgment that Zillow has infringed the '009 patent;

B. an award of preliminary and permanent injunctions enjoining Zillow, and its agents, servants, officers, directors, employees, and persons or entities acting in concert with Zillow, from infringing directly or indirectly, inducing others to infringe, and/or contributing to the infringement of the '009 patent;

C. An award to CEATS for the damages necessary to compensate it for Zillow's infringement of the '009 patent pursuant to 35 U.S.C. § 284;

D. An award to CEATS of enhanced damages for the willful infringement of the '009 patent pursuant to 35 U.S.C. § 284;

E. An award to CEATS of its attorneys' fees, costs, expert witness fees, and expenses incurred by CEATS in connection with this action pursuant to 35 U.S.C. § 285;

F.     prejudgment and post-judgment interest; and

G.     all such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ M. Dru Montgomery*
J. Thad Heartfield
Texas Bar No. 09346800
M. Dru Montgomery
Texas Bar No. 24010800
THE HEARTFIELD LAW FIRM
2195 Dowlen Road
Beaumont, Texas  77706
Tel.:   (409) 866-3318
Fax:   (409) 866-5789
Email: thad@jth-law.com
         dru@jth-law.com

*Attorney for Plaintiff CEATS, Inc.*